# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| V. | ) |
| | )Case No.3:18CR000025-003 |
| | ) |
| THOMAS WALTER GILLEN, | ) SENTENCING MEMORANDUM |
| Defendant. | ) |


**COMES NOW**, the defendant, Thomas Walter Gillen (hereinafter, 'Mr. Gillen' or 'defendant Gillen'), by counsel, and respectfully submits the following sentencing memorandum:

1) **Acceptance Of Responsibility**: Counsel agrees with the determination of the U.S. Probation Office that Mr. Gillen has clearly demonstrated acceptance of responsibility for the offense of conviction and pursuant to USSG §3E1.1(a) and §3E1.1(b) has properly earned a three-point reduction in the offense level. As noted in the Presentence Investigation Report (hereinafter "PSIR"), this is based upon the defendant's statements to the probation officer as well as statements in open court at the entry of the guilty plea on April 29, 2019. Counsel would also note that Mr. Gillen has assented to the accuracy of the government's

1

Statement of Offense that describes his role.  This proffer of evidence is now part of the record, having been admitted at the hearing on April 29, 2019.  Shortly after Mr. Gillen announced his intention to plead guilty, the two remaining defendant's followed suit.  Counsel understands that the government does not dispute this chronology.

2) **Nature And Circumstances Of The Offense:** 18 U.S.C. §3553(a)(1):  Defendant Thomas Gillen pled guilty to conspiring to violate the Riot-Act. One element of the Riot-Act, though pled in the alternative so not a necessary element, is committing acts of violence.  While the defendant would agree that he committed an act of violence on April 15, 2017 at a rally in Berkeley, California, there is no evidence of his having done so at the rally in Huntington Beach, California or on August 11 or August 12 in Charlottesville, Virginia.  While this alone is certainly no defense to the offense of conviction, it is a mitigating factor.  Several co-defendants', both RAM members and non-RAM members, committed numerous acts of violence at the gatherings in Huntington Beach, California and Charlottesville, Virginia on the dates in question. Mr. Gillen was present at the time, as a member of the group, and does not here challenge his role in the offense.

3) **Seriousness Of The Offense And Just Punishment;** 18 U.S.C. 3553(a)(2)(A):


It is noteworthy that because there have been so few prosecutions under the "Riot-Act", and even fewer convictions, there is little sentencing history to offer guidance to the Court. Further noteworthy is the fact that the substantive offense set forth 18 U.S.C. §2101 is a non-guideline offense. The parties have stipulated to the analogous offense of "aggravated assault", but as an analogy the comparison of "aggravated assault" to an 18 U.S.C. §371 conspiracy to violate 18 U.S.C. §2101 is only so helpful. Since it is an analogy, by definition the two offenses are not the same and the extent to which the analogy is a close or distant one is open to argument. Additionally, the defendant takes the position that the Court is not bound by the stipulation.

The defendant submits that the absence of sentencing guideline input, as regards a conspiracy to violate 18 U.S.C. §2101, means that an individuals' specific conduct takes on heightened importance. Although there is little sentencing guidance for this offense, there are comparisons to the conduct of other individuals previously charged with

this offense. The alleged conduct of the defendant's in *United States v. Dellinger*, as cited to the Court pre-trial, provides a helpful, and mitigating, comparison. *United States v. Dellinger,* 472 F.2d 340 (1972).

**4) Reliable Information Indicates That The Defendant's Criminal History Category Substantially Over-Represents The Seriousness Of The Defendant's Criminal History: 18 U.S.C. §3553(a)(1); U.S. Sentencing Guidelines §4A1.3(b):**

The initial PSIR dated June 21, 2019, and a revised report dated June 27, 2019, indicate a criminal History Category of IV.[1]  This is based upon the following:

A)      A 2012 State of California conviction for Possession of Marijuana for sale.  Note that the conviction was originally a felony conviction with a 16-month sentence imposed.  The PSIR correctly notes that this felony conviction was later reduced to a misdemeanor conviction. (PSIR-revised # 48).  In fact, the Superior Court of California, County of Los

---

[1] The Probation Office has apprised counsel that it will file an updated PSIR that may increase the criminal history points from 7 to 9 but will not affect the Criminal History Category as determined by the Probation Office.

Angeles by Order entered on June 3, 2019 designated the felony conviction in question as a misdemeanor. (Counsel has provided copies of said Order to the government as well as to the Probation Office.) Because the point system depends on the length of incarceration, and not on whether a crime is a felony or a misdemeanor, the three points assigned for this conviction remain properly assigned. Though the guidelines do not take into account the difference between a felony and a misdemeanor, the defendant would argue that there is a substantial difference between the two. It is inarguable that felonies are, *cet. par.,* substantially more serious than misdemeanors. As a result of the recent California court Order, when Defendant Gillen stands before the Court for sentencing on the offense of conviction, he will not be a previously convicted felon.

Additionally, once Mr. Gillen is released from custody he will have the opportunity to again petition the Superior Court of California under the California Health and Safety Code to have this misdemeanor marihuana conviction 'dismissed'. (See Cal. Health and Safety Code §11361.9) The reason Mr. Gillen cannot petition the California court at the present time is

that he is currently "charged with a crime" (i.e., the "Riot-Act" conspiracy) and is presently incarcerated. Were Mr. Gillen able to petition for a dismissal at this time, the 3 criminal history points described above would be subtracted from the current total. Mr. Gillen's Criminal History Category would then be III, regardless of whether 7 or 9 points are currently indicated. (See footnote 1).

B)    A 2014 State of California conviction for possessing a firearm without ID mark:  Note that the sentence for this misdemeanor offense was 20 days custody (PSIR-revised #50).   This would ordinarily indicate 1 criminal history point.   A subsequent probation violation led to the imposition of an additional 120 days custody from time suspended at the sentencing hearing.   While imposition of previously suspended time as a result of a probation violation is not a new sentencing event (but rather a proceeding ancillary to the sentencing event) the Sentencing Guidelines require that the two incarceration periods be added together. (See Sentencing Guidelines §4A1.2(k)).  This results in 2 criminal history points rather than 1. Counsel would note that possessing a firearm with the

6

serial number defaced is not a crime under the laws of the Commonwealth of Virginia. (Counsel would note that it is a crime under 18 U.S.C §922(k).

C) A 2013 State of California misdemeanor conviction for obstructing an officer.[2] This conviction properly carries 2 criminal history points.

The result is that three misdemeanor convictions carry 7 criminal history points. The marijuana misdemeanor that carries 3 points Mr. Gillen expects to have "dismissed" upon his release, in accordance with California law. If Mr. Gillen were able to proceed with a petition at the present time the total criminal history points would be 4. Lastly, 2 criminal history points are assigned to an offense that initially carried a sentence of 20 days. If 1 point is subtracted the total points would be 3, indicating a Criminal History Category of II.

Counsel maintains that the information available indicates that Mr. Gillen's Criminal History Category substantially over-represents the seriousness of his criminal history. Accordingly, the defendant respectfully

---

[2] The PSIR indicates the defendant locked the door of the residence of an acquaintance to prevent police entry.

requests a downward departure pursuant to §4A1.3(b). The
Court will determine the applicable offense level at the
sentencing hearing.[3] The defendant maintains that a Criminal
History Category of II better represents the nature and
seriousness of his criminal history. An Offense Level of
16 and a criminal History Category of II indicates a range
of 24 to 30 months. Counsel maintains that while a
sentence within this range exceeds that which is necessary
to achieve the goals of sentencing, such a range at least
more accurately reflects Mr. Gillen's criminal history.

In the alternative, Counsel requests that the Court
grant a variance based on the inadequacy (i.e., here, over-
statement) of the defendant's criminal history. Counsel
maintains that the Court has the authority in the
discretion granted to it under 18 U.S.C. §3553(a) to grant
a variance based upon the history and circumstances of the
defendant, in particular his criminal history.

**Employment Record:** 18 U.S.C. §3553(a)(1) references the
history and characteristics of the defendant. Employment
history would therefore appear to be a relevant
consideration under that section. The defendant

---

[3] Defendant objects to the 3 level enhancement pursuant to USSG
§3A1.1(a) suggested in PSIR # 38. These objections were tendered to
Probation on June 27, 2019 pursuant to FRCP Rule 32(f).

respectfully requests that the Court take into consideration defendant's history of gainful employment. The PSIR correctly states that, although unverified by probation at the time of filing, Mr. Gillen was employed full-time as a boilermaker with The New Generation Engineering and Construction in Gardena, California for approximately twenty months. Prior to this Mr. Gillen worked as a mechanic for two separate businesses in California and otherwise appears to have been regularly gainfully employed as a certified welder, once having attained that certification. Prior to attaining this certification the report notes other significant albeit less remunerative employment.

**Witnesses:** The defendant intends to call Mr. James Gillen, the defendant's father, as a witness at the sentencing hearing. The defendant reserves the right is testify at the sentencing hearing and to allocute before the Court prior to imposition of sentence.

**WHEREFORE,** the defendant respectfully requests that the Court take into account the facts and arguments set forth above in arriving at an appropriate sentence in this case.

Respectfully submitted,


By: S/ David A. Eustis
        Of Counsel

David A. Eustis
VSB # 48009
Eustis & Graham, PC
P.O. Box 2195
609 East High Street
Charlottesville VA 22902
Tel: 434-293-9900
Fax: 434-293-9996


### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of July 2019, I electronically filed the foregoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.


S/ David A. Eustis
_____
David A. Eustis
Eustis & Graham, PC
VSB # 48009
P.O Box 2195
609 E. High Street
Charlottesville VA 22902
Tel: 434-293-9900
Fax: 434-293-9996