**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4553

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

THOMAS WALTER GILLEN,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:18-cr-00025-NKM-JCH-3)

Submitted: July 25, 2022          Decided: September 23, 2022

Before KING, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David A. Eustis, EUSTIS & GRAHAM, PC, Charlottesville, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, Lee Brett, Third Year Intern, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Walter Gillen appeals his conviction after entering a conditional guilty plea to conspiracy to violate the Anti-Riot Act, 18 U.S.C. §§ 2101–02, in violation of 18 U.S.C. § 371, and reserving the right to appeal the district court's denial of his claim that the Anti-Riot Act is unconstitutional. We previously held this appeal in abeyance for our decision in the appeals of his co-defendants. *See United States v. Miselis*, 972 F.3d 518 (4th Cir. 2020). In his brief filed after *Miselis*, Gillen contends that the Anti-Riot Act is facially overbroad in violation of the First Amendment and unconstitutionally vague in violation of the Fifth Amendment; and it is unconstitutional as applied to his case. We affirm.

We review Gillen's claims de novo. *Id*. at 525. In *Miselis*, we held the Anti-Riot Act is not unconstitutionally vague under the Due Process Clause of the Fifth Amendment, but it is substantially overbroad under the modern incitement test of *Brandenburg v. Ohio*, 395 U.S. 444 (1969) (per curiam), "insofar as it encompasses speech tending to 'encourage' or 'promote' a riot under 18 U.S.C. § 2101(a)(2), as well as speech 'urging' others to riot or 'involving' mere advocacy of violence under 18 U.S.C. § 2102(b)." *Id*. at 525–26, 544–47.

We further held the statute comports with the First Amendment "[i]n all other respects"; and the discrete instances of overbreadth could be severed from the constitutionally valid remainder. *Id*. at 526, 542, 547. Finally, we affirmed the defendants' convictions because "their own substantive offense conduct—which involves *no* First Amendment activity—falls under the Anti-Riot Act's surviving applications." *Id*. at 526.

2

After the severance in *Miselis*, the four elements for a violation of the Anti-Riot Act are: (1) traveling in or using any facility of interstate commerce; (2) with intent either to (a) incite, (b) organize, participate in, or carry on, (c) commit any act of violence in furtherance of, or (d) aid and abet any person in inciting, participating in, carrying on, or committing any act of violence in furtherance of; (3) a riot; and (4) performing or attempting to perform any other overt act for any of the foregoing purposes, either during the course of any such travel or use or thereafter. *Id.* at 534, 542–43.

The elements for a conspiracy under 18 U.S.C. § 371 are: (1) an unlawful agreement between two or more people to commit a crime; (2) knowing and willing participation in the conspiratorial endeavor; and (3) an overt act committed in furtherance of the conspiracy. *United States v. Camara*, 908 F.3d 41, 46 (4th Cir. 2018). The overt act may be committed by the defendant or a co-conspirator. *See Salinas v. United States*, 522 U.S. 52, 65 (1997); *United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 516 (4th Cir. 2005).

In support of his facial challenge, Gillen makes the same arguments his co-defendants made in *Miselis*, but he also asserts an as-applied claim. While Gillen's co-defendants did not raise an as-applied challenge, we noted "in the overbreadth context, the 'usual judicial practice' is to determine that the statute 'would be valid as applied' to the challenger's own conduct before proceeding to a facial challenge premised on the hypothetical conduct of others 'unnecessarily.'" *Miselis*, 972 F.3d at 531 (quoting *Bd. of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 484–85 (1989)). We then concluded "the Anti-Riot Act pose[d] no constitutional concern as applied to" the *Miselis* defendants;

3

and none of their overbreadth theories, "including those we [had] rejected, provide[d] any basis for an as-applied challenge on the facts to which they [had] stipulated." *Id*. at 548.

We have reviewed the record and Gillen's arguments on appeal, and we similarly conclude that the Anti-Riot Act "is 'plainly legitimate as applied'" to his conduct. *Id.* at 531 n.4. While Gillen claims he did not personally commit violent acts at the riots in Charlottesville, Virginia, he admitted that he did attack a protestor in Berkeley, California. He attended combat-training events and rallies with fellow members of the Rise Above Movement (RAM) to prepare for, and with the intention of, provoking violent confrontations with counter-protestors. When he traveled to Charlottesville to attend the Unite the Right rally, he expected that either he or fellow RAM members would commit violent acts. In Charlottesville, he and fellow RAM members wrapped their hands with athletic tape to prevent injuries to their hands when they punched someone. And RAM members committed violent acts in furtherance of a riot in Charlottesville.

As we concluded for Gillen's co-defendants in *Miselis*, "[s]uch substantive offense conduct qualifies manifestly as 'commit[ting] any act of violence in furtherance of a riot' within the ordinary meaning of § 2101(a)(3), as well [as] 'participat[ing] in' and 'carry[ing] on a riot' within the ordinary meaning of § 2101(a)(2)—three wholly conduct-oriented purposes left unscathed by our partial invalidation of the statute." *Id*. at 547. "By the same token, [Gillen's offense has] manifestly nothing to do with speech tending to encourage, promote, or urge others to riot; mere advocacy of violence; or any other First Amendment activity; as the district court properly found." *Id*.

4

While Gillen argues his specific conduct implicates a "'heckler's veto,'" we find this argument without merit. *See United States v. Rundo*, 990 F.3d 709, 719–20 (9th Cir. 2021). "Simply put, knowing that some might choose to become violent is not at all the same as intending that they do so." *Id*. at 720.

We therefore conclude that the Anti-Riot Act is not unconstitutional as applied to Gillen's conduct.

As for his facial arguments, we reaffirm our holdings in *Miselis*, where we have already rejected the same arguments Gillen makes here.

Finally, as we did in *Miselis*, we affirm Gillen's conviction because his stipulated conduct involves no First Amendment activity and falls under the Anti-Riot Act's surviving applications.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*